UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
AUG 1 6 2018
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

WALTER BEN DURASO,          )
                            )
    Plaintiff,              )
                            )
v.                          )   Civil Action No.: 1:18-cv-01407 (UNA)
                            )
FISC-FISA COURTS, et al.,   )
                            )
    Defendants.             )

## MEMORANDUM OPINION

Plaintiff filed a *pro se* complaint ("Compl.") and application for leave to proceed *in forma pauperis* ("IFP") on June 14, 2018. ECF Nos. 1, 2. However, he did not file the required concomitant six-month trust account statement, pursuant to 28 U.S.C. § 1915(a)(2). The Court issued an Order on July 10, 2018, directing plaintiff to submit the required financial information within thirty days. ECF No. 3. Plaintiff filed a sufficient six-month trust account statement on July 30, 2018. ECF No. 4. Therefore, the Court may now initially review plaintiff's complaint and application to proceed IFP. The Court will grant plaintiff's IFP application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of

1

the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff brings an action against "FISC-FISA Courts," the Central Intelligence Agency, the U.S. Army Special Operations Division, and the Federal Bureau of Investigations. Compl. at caption. Plaintiff claims to bring this case [sic] "pursuant to MK Ultra CIA subproject Russian NKGB model as a psycho surgery 1979." *Id.* at 1 ¶ 1. While the complaint is not a model in clarity, plaintiff seemingly raises issues regarding alleged "clandestine intelligence surveillance." *Id.* at 1 ¶ 2. He appears to allege, in furtherance thereof, that he is being monitored by the government through various technology as part of a surreptitious "foreign-relations" scheme. *Id.* at 1 ¶¶ 1-4. At the same time, plaintiff disjointedly discusses "money buried in cave(s) overseas," and secret bank accounts. *Id.* at 1 ¶ 5. He seeks various court orders and the disclosure of an unknown "tv media report." *Id.* at 1 ¶ 2; 4-5.

The instant complaint consists of a random collection of statements without clarity or particularity. It further lacks discernible claims and jurisdictional basis and thus will be dismissed. An Order consistent with this Memorandum Opinion is issued separately.

Date: August 13, 2018

United States District Judge